**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PEDRO VERDUGO and MARGARITA REYNOSA ORTIZ INDIVIDUALLY And ON BEHALF OF THE ESTATE OF CARINA VERDUGO ORTIZ, DECEASED, And AS NEXT FRIENDS OF CINDY VERDUGO ORTIZ and PEDRO VERDUGO ORTIZ, MINOR CHILDREN; VINCENTE REYNOSA ORTIZ; HORCULANO VERDUGO ROMERO and ANAI DOMINGUEZ, INDIVIDUALLY and AS NEXT FRIENDS OF YIBRAN VERDUGO DOMINGUEZ, and DANILLO VERDUGO DOMINGUEZ, MINOR CHILDREN; and JUAN CARLOS ESCALANTE, | § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2-03CV-442 Judge T. John Ward |
| VS. | § § § | (JURY TRIAL) |
| FORD MOTOR COMPANY and MICHELIN NORTH AMERICA, INC., | § § § | |
| Defendants. | § § | |

**ORDER APPROVING SETTLEMENT BETWEEN**
**PLAINTIFFS AND DEFENDANTS FORD MOTOR COMPANY**
**AND MICHELIN NORTH AMERICA, INC.**

On January 25, 2005, came on to be heard the above-styled and numbered action wherein Pedro Verdugo and Margarita Reynosa Ortiz, Individually and on Behalf of the Estate of Carina Verdugo Ortiz, Deceased, and as Next Friends of Cindy Verdugo Ortiz and Pedro Verdugo Ortiz, Minor Children, and on behalf of all persons entitled to recover for the death of Carina Verdugo Ortiz, Deceased, under the Texas Wrongful Death/Survival Acts, Vicente Reynosa Ortiz, Horculano Verdugo Romero and Anai

Dominguez, Individually and as next Friends of Yibran Verdugo Dominguez and Danillo Verdugo Dominguez, Minor Children and Juan Carlos Escalante, Anne-Marie Campbell, on behalf of the Estate of Jorge Brenner Luna, Deceased, as Legal Guardian of Jennica Lynn Luna, and on behalf of all persons entitled to recover for the death of Jorge Brenner Luna, Deceased, under the Texas Wrongful Death/Survival Acts are Plaintiffs and Ford Motor Company ("Ford") and Michelin North America, Inc.   ("Michelin") are Defendants.

The parties came in person and by and through their respective attorneys of record and made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy are submitted to the Court.  The named parties announced to the Court that they had agreed to settle and compromise all issues, claims and causes of action now existing or that may hereafter arise between Plaintiffs and Defendants Ford Motor Company and Michelin North America, Inc.  The total amounts of the settlements are confidential, the terms of which are described in two Release, Settlement and Indemnity Agreements as between Ford and the Plaintiffs and in a Complete Release, Indemnity, Confidentiality, Compromise and Settlement Agreement as between Michelin and Plaintiffs ("Settlement Agreements"), copies of which were tendered to the Court for an in-camera review but not filed.

It is understood and agreed that Plaintiffs, in consideration for the Defendants' agreements to settle this controversy for the sums set forth in the Settlement Agreements, will satisfy or indemnify Defendants for any and all applicable healthcare bills, liens, and subrogation claims and interests, including but not limited to any and all applicable health insurance, disability, hospital, Medicare, Medicaid, V.A., and workers compensation

claims and liens.  It was pointed out to the Court that all parties have agreed that if this Order Approving Settlement is approved by the Court that neither Plaintiffs nor anyone claiming by, through or under them will be able to recover anything further of and from Defendants

It having appeared to the Court that a potential conflict of interest exists between the adult Plaintiffs Pedro Verdugo and Margarita Reynosa Ortiz, and the minor children, Cindy Verdugo Ortiz and Pedro Verdugo Ortiz,  the adult Plaintiffs Horculano Verdugo Romero and Anai Dominguez, and the minors, Yibran Verdugo Dominguez and Danillo Verdugo Dominguez, and the adult Plaintiff, Annie-Marie Campbell, and the minor, Jennica Lynn Luna, for the division of the proceeds of the settlement, the Court has appointed Phillip Baldwin and Joy Berry, a practicing attorneys in this district, duly licensed and in good standing with the State Bar of Texas, as *Guardian Ad Litem* to represent the interests of Cindy Verdugo Ortiz, Pedro Verdugo Ortiz, Yibran Verdugo Dominguez and Danillo Verdugo Dominguez,  and of Jennica Lynn Luna respectively; and said *Guardians Ad Litem* have been apprised of all matters of fact concerning this controversy and settlement thereof.

After reviewing the pleadings filed in this case, the Court heard evidence touching upon such compromise and settlement agreement, with reference to the material facts regarding the automobile accident, and all matters pertaining to the alleged liability of Defendants and the damages to Plaintiffs, as well as the capacity of the parties to prosecute this action as stated herein.  Upon hearing the evidence, the Court is of the opinion that such settlement agreements are in the best interest of Plaintiffs and that the terms of the settlement agreements are in all respects reasonable.  It is understood and

agreed by the Plaintiffs that the payment of the monies herein described is in settlement of disputed claims, that Defendants have denied liability and continue to deny liability of whatever nature to the Plaintiffs.  It is further understood and agreed that Defendants herein by this settlement agreement make no admission of liability to the Plaintiffs, nor to any other person, firm, corporation or other entity who did not assert a claim or file a lawsuit against Defendants, but rather that Defendants makes this settlement solely to purchase their peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiffs and Defendants Ford Motor Company and Michelin North America, Inc. have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the Settlement Agreements executed by the Plaintiffs are fair and equitable and that the same should be, and is hereby in all things approved, and the Court hereby specifically finds that the Settlement Agreements are in the best interests of the minors, Cindy Verdugo Ortiz, Pedro Verdugo Ortiz, Yibran Verdugo Dominguez, Danillo Verdugo Dominguez, and Jennica Lynn Luna, minors.

The Court further finds that the amounts to be paid in full satisfaction of any and all claims arising from this accident which Plaintiffs have or might ever have against Defendants. or their officers, directors, shareholders, owners, agents, servants and employees, and any dealer that sold the subject vehicle and tire, new or used, and that under no legal or equitable theory may they hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever,

and further that this settlement and Order Approving Settlement shall fully bind any different personnel, personal representatives, administrators, guardians, or others representing the person or estate of  any plaintiff herein named.

The Court hereby further finds that the minor Plaintiffs' allocation of the sum agreed upon as a compromise settlement figure in this action shall be as reflected in the Exhibit A of the Settlement Agreements with Jennica Lynn Luna and as follows:

$27,334.77     for Cindy Verdugo Ortiz to be deposited into the Registry of the Court in an interest bearing account or as otherwise ordered by the Court;

$21,073.94     for Pedro Verdugo, Jr. to be deposited into the Registry of the Court in an interest bearing account or as otherwise ordered by the  Court;

$ 2,467.34     for Danillo Dominguez to be deposited into the Registry of the Court in an interest bearing account or as otherwise ordered by the Court;

$ 7,748.66     for Yibran Domingez to be deposited into the Registry of the Court in an interest bearing account or as otherwise ordered by the Court.

The Court further finds that any obligation to make periodic payments described in the Settlement Agreements may be assigned to Prudential Assigned Settlement Services Corporation and funded by annuity contracts issued by The Prudential Insurance Company of America.  In that regard, the Court finds that the requirements of Section 142.008 and 142.009 of the Texas Property Code have been met.

The Court further finds that any payments to be made after the death of the Payee, pursuant to the terms of the agreement between the parties, shall be made to the Estate of the Payee.  After the age of majority, the Payee may submit a change of beneficiary in writing to Assignee in a form acceptable to Assignee.

The Court further finds that upon completion of the assignment, Defendants shall have no further obligation to Plaintiffs, their heirs, and assigns; and the completion of the assignment shall operate as a full and complete release of this Order Approving Settlement.

The remainder of the agreed upon settlement amounts, as set forth in the Settlement Agreements between the parties are to be paid to Plaintiffs and their attorneys as set forth in the Settlement Agreement.

It is ordered by the Court that Plaintiffs herein do recover from Defendants the present cash sums and future periodic payments reflected in the Settlement Agreements and as divided above which sums are to be paid at the time this Order Approving Settlement is entered, and the Court accordingly orders that no execution or other process ever issue against Defendants and that Defendants are fully and finally released.

The Court approves the settlement entered into by the parties and finds that all claims filed or which could have been filed by Pedro Verdugo and Margarita Reynosa Ortiz, Individually and on Behalf of the Estate of Carina Verdugo Ortiz, Deceased, and as Next Friends of Cindy Verdugo Ortiz and Pedro Verdugo Ortiz, Minor Children, and on behalf of all persons entitled to recover for the death of Carina Verdugo Ortiz, Deceased, under the Texas Wrongful Death/Survival Acts, Vicente Reynosa Ortiz, Horculano Verdugo Romero and Anai Dominguez, Individually and as Next Friends of Yibran Verdugo Dominguez and Danillo Verdugo Dominguez, Minor Children and Juan Carlos Escalante, Anne-Marie Campbell, on behalf of the Estate of Jorge Brenner Luna, Deceased, as Next Friend Guardian of Jennica Lynn Luna, and on behalf of all persons entitled to recover for the death of Jorge Brenner Luna, Deceased, under the Texas

Wrongful Death/Survival Acts, against these Defendants are dismissed with prejudice;; and that the Plaintiffs' claims, asserted or which could have been asserted herein against Defendants are fully satisfied in all respects, and that no execution shall ever issue herein.

It is further ORDERED, ADJUDGED and DECREED that costs of Court incurred herein are taxed against the party incurring same.

It is further ORDERED, ADJUDGED and DECREED that Ford Motor Company and Michelin North America each pay a fee of $2,500.00 for the *Guardian Ad Litem* for Cindy Verdugo Ortiz, Pedro Verdugo Ortiz, Yibran Verdugo Dominguez and Danillo Verdugo Dominguez and that a fee of $6,250.00 for the *Guardian Ad Litem* for, minor, Jennica Lynn Luna.

It further appears to the Court that all sums and costs herein concerned have been fully paid as aforesaid by Defendants, and it is accordingly ORDERED, ADJUDGED and DECREED that no execution shall issue hereon, this Order Approving Settlement being entered as paid and fully satisfied.

It is further ORDERED, ADJUDGED and DECREED that all relief requested or which could possibly be requested by any of the parties hereto which is not herein specifically granted is denied.

SIGNED this 7th day of March, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**APPROVED AND AGREED**:


/s/Mark B. Blackburn
Mark B. Blackburn
State Bar No. 02388990
Blake C. Erskine, Jr.
State Bar No. 00786383
Erskine & Blackburn, L.L.P.
6601 Vaught Ranch Road, Suite 201
Austin, TX  78730
(512) 684-8900
(512) 684-8920 (fax)


Brian A. Glicker
GLICKER & ASSOCIATES
15303 Ventura Blvd, Suite 400
Sherman Oaks, CA 91403

Brendan Roth
State Bar No. 24040132
115 N. Wellington, Suite 200
Marshall, TX  75670
(903) 935-1665
(903) 935-1797

ATTORNEYS FOR PLAINTIFFS


/s/ Adolfo R. Rodriguez, Jr.
Adolfo R. Rodriguez, Jr.
Basheer Y. Ghorayeb
RODRIGUEZ LAW FIRM, PC
4311 Oak Lawn Ave., Suite 600
Dallas, TX  75219
Ph:  (214) 765-6060
Fax: (214) 889-6061

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

/s/Phillip Baldwin
Phillip Baldwin
P. O. Box 1948
Marshall, TX  75671
(903) 938-6345
(903) 938-3008

GUARDIAN AD LITEM FOR
MINORS, CINDY VERDUGO ORTIZ,
PEDRO VERDUGO ORTIZ,
YIBRAN VERDUGO DOMINGUEZ,
AND DANILLO VERDUGO DOMINGUEZ


/s/Joy Berry
Joy Berry
State Bar No. 00795662
Berry & Berry L.L.P.
111 W. Austin Street
Marshall, TX  75670
(903) 938-6044
(903) 938-1118

GUARDIAN AD LITEM FOR
MINOR, JENNICA LYNN LUNA


/s/Chris A. Blackerby
Thomas M. Bullion III
State Bar No. 03331005
Chris A. Blackerby
State Bar No. 00787091
BROWN MCCARROLL L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (Fax)

ATTORNEYS FOR DEFENDANT,
MICHELIN NORTH AMERICA, INC.